# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY MARTIN, and | : | No. 3:06cv2238 |
| JAMES MARTIN, | : | |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| SEARS, ROEBUCK & COMPANY, and | : | |
| SEARS HOLDINGS CORP., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendants' motion *in limine* to preclude evidence of alleged damages (Doc. 14). Having been fully briefed, the matter is ripe for disposition.

**Discussion**

This case concerns a slip-and-fall accident at a Sears store in the Viewmont Mall in Scranton, Pennsylvania on January 30, 2004. Plaintiff Shirley Martin alleges that on that date she tripped over an unattended hand cart left in an aisle. She claims that the fall left her with serious back injuries, and that she saw a number of doctors for treatment of her condition. Among the doctors who treated her was Alan Gillick, an orthopedic surgeon. Plaintiffs contend that they provided defendants with the medical records produced from all of these treatments during the discovery process.

After plaintiffs filed suit and the defendants removed the case to this court, the

parties commenced discovery. After the completion of discovery, this court scheduled a pre-trial conference. Defendants then filed the instant motion *in limine*. In their motion, defendants claim that plaintiffs cannot prevail in this case without providing expert medical testimony that establishes the cause of Shirley Martin's injury. Since she has long suffered from back pain, Martin cannot prove that the fall damaged her back without the testimony of an expert. Despite this need for an expert, defendants contend, plaintiffs did not identify an expert or provide any expert reports. Accordingly, they argue, plaintiffs should be precluded from entering any evidence of damages in this case. Plaintiffs do not disagree that they need to present expert testimony of Shirley Martin's injuries. They contend that they intend to call Dr. Gillick as an expert witness to establish the cause of Shirley Martin's injuries. Because Dr. Gillick was her treating physician before plaintiffs filed their lawsuit, they claim that he can testify as an expert on his treatment without filing an expert report.

Federal Rule of Civil Procedure 26(a)(2)(A) requires that parties disclose the identity of any witness who may testify at trial as an expert pursuant to Rule 702 of the Federal Rules of Evidence. See FED. R. EVID. 702 (establishing that "[i]f scientific technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2)

2

the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."). Rule 26(a)(2)(B) establishes that "with respect to a witness who is *retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony*," the disclosure of that witness "will be accompanied by a written report prepared and signed by the witness." (emphasis in original). By the terms of this rule, then, a witness not specifically retained as an expert need to prepare a written report for disclosure.

Here, we conclude that Dr. Gillick can offer expert testimony. As a physician, he posses scientific and technical knowledge that would assist the trier of fact in determining facts or issues material to the case. Furthermore, as a physician who treated plaintiff after her injury, he has sufficient knowledge of her medical condition and sufficient expertise on medical matters to offer an opinion as to the injury's causes and consequences. We can therefore qualify Dr. Gillick as an expert in relation to plaintiff's injury. Defendants contend that plaintiff has long suffered from back injuries, and that Dr. Gillick cannot provide reliable evidence that her slip and fall caused the injuries of which she complains. This complaint about Dr. Gillick is not related to his qualifications as an expert or the basis of his knowledge, but to the weight that a jury should give his testimony. Such questions about the weight and persuasiveness of evidence are questions properly reserved for the finder of fact at trial.

3

We also find that plaintiffs need not provide an expert report for Dr. Gillick. Dr. Gillick served as treating physician for plaintiff, and was employed by her in 2004, long before plaintiffs filed her lawsuit. Accordingly, he was not retained as an expert for the purpose of litigation and does not meet the requirements for disclosure under Rule 26(a)(2)(B). In addition, the Advisory Committe for the federal rules has declared that "treating physicians, can be deposed or called to testify at trial without the requirement of a written report." FED. R. CIV. P. 26(a)(2) (Advisory Committee Notes, Amendment 1993). Since Dr. Gillick is plaintiff's treating physician, he squarely fits this exception. He has provided defendants with the records of his treatment of Shirley Martin, and he may testify at trial as an expert on matters related to that treatment without filing an expert report. See, e.g., Lamere v. New York State Office for the Aging, 223 F.R.D. 85, 89 (N.D. N.Y. 2004) (holding that "a treating physician is an expert witness who can provide opinion testimony consistent with Rule 702, [and] must be identified for the purpose of being subjected to further disclosure . . . but does not have to provide a written report before being deposed or testifying at trial."); Martin v. CSX Transportation, Inc., 215 F.R.D. 554, 557 (S.D. Ind. 2003) (finding that disclosure of expert reports was unnecessary since "the anticipated opinion testimony of" plaintiffs' doctors "was formulated during the examination and care of [plaintiff], not in anticipation of litigation.").

For the above stated reasons, we will deny the defendants' motion *in limine* to preclude expert testimony on damages. An appropriate order follows.

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY MARTIN, and | : | No. 3:06cv2238 |
| JAMES MARTIN, | : | |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| SEARS, ROEBUCK & COMPANY, and | : | |
| SEARS HOLDINGS CORP., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 21st day of September 2007, the defendants' motion *in limine* to preclude evidence of damages (Doc. 14) is hereby **DENIED**.

**BY THE COURT:**


**s/ James M. Munley**
**JAMES M. MUNLEY**
**United States District Court**